UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

FRANK ROY,

        Plaintiff,

   v.

RAMSEY MOVING SYSTEM,

        Defendant.

_____

Civil No. 14-2847 (NLH/KMW)

**MEMORANDUM OPINION AND ORDER**

**APPEARANCES:**

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360
    *Pro Se Plaintiff*

**HILLMAN, District Judge**

This matter having come before the Court by way of Plaintiff's application [Doc. No. 1-1] to proceed <u>in forma pauperis</u> ("IFP application") in this action and by way of Plaintiff's complaint [Doc. No. 1] both of which were submitted to the Court on May 6, 2014; and

The Court recognizing that when a non-prisoner seeks permission to file a civil complaint <u>in forma pauperis</u> under 28 U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA") requires the person[1] to submit an affidavit that includes a

---

[1]    Although Section 1915 refers to "prisoners," federal courts

statement of all assets and that the person is unable to pay such fees or give security therefor, see 28 U.S.C. § 1915(a); and

    The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

    The Court having reviewed Plaintiff's IFP application and affidavit of poverty submitted on May 6, 2014, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of perjury that he is unable to pay the costs of these proceedings, accordingly, based on the

---

apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners.")).

information contained therein, the Court hereby grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the complaint in this action; and

The Court also noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.; and

The Court further noting that a "document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); and

In considering whether Plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in

3

the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed.R.Civ.P. 12(b)(6), [a district court is] ... required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff); and

    The Court asking "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted); and

    The Court noting that under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949); and

    The Court further noting that a district court "must then determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; and

Plaintiff bringing this action under 42. U.S.C. § 1983 and alleging that Defendant Ramsey Moving System "violated the Antidiscrimination Act by not paying their loss[,]" (Pl.'s Compl. [Doc. No. 1] 1); and

The Court noting Section 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983; and

The Court also noting that in order "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States." Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013)

5

(citing Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000)). The Court's "'first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to [then] determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" Morrow, 719 F.3d at 166 (quoting Nicini, 212 F.3d at 806.); and

Plaintiff alleging in the complaint that he hired Defendant, a moving and storage company doing business in Media, Pennsylvania, "to store and hold 10 boxes of household goods, medicines, personal papers and crystal" in approximately May of 2010, (Id. at ¶¶ 3-4); and

Plaintiff further alleging that Defendant, through its "agents, servants and employees[,] delivered Plaintiff's personal property to him" at his former address at the Homestead Village Hotel in King of Prussia, Pennsylvania on July 2, 2010,[2] (Id. ¶ 5); and

Plaintiff asserting that on the date that Defendant

---

[2]   In paragraph five of Plaintiff's complaint, he indicates that the delivery of his personal property occurred on July 2, 2012.  However, the remainder of Plaintiff's complaint alleges that the relevant dates to the facts Plaintiffs asserts occurred in 2010.  It therefore appears to the Court that Plaintiff's use of year 2012 may have been a typographical error.

attempted to deliver Plaintiff's personal property, a dispute regarding the check[3] with which Plaintiff had paid Defendant for its services, resulted in Defendant not completing the work and leaving 8 of Plaintiff's boxes in the hallway and failing to leave the remaining 2 boxes, (Id. ¶ 8); and

Plaintiff contending that of the 8 boxes which were delivered and left for him at the Homestead Village Hotel, some of these boxes "contained damaged items" and the 2 remaining boxes which were not left for Plaintiff contained the crystal and his personal papers, (Id.); and

Plaintiff alleging that "[i]n one of the 8 boxes delivered, Defendant's driver packed the crystal and an elephant that was a gift from a billionaire friend of" Plaintiff and that the elephant "was cracked" when it was received by Plaintiff,[4] (Id. ¶ 9); and

Plaintiff further alleging that he notified Defendant's driver of the cracked elephant and the 2 boxes which were not

---

[3] With respect to his method of payment, Plaintiff alleges that he "tendered Defendant a Bank check for service for the shipping and moving dated June 30, 2010." (Id. ¶ 6.) Plaintiff asserts that "Defendant claimed the check was subject to non-payment, however it was a Cashier's check." (Id. ¶ 7.)

[4] Plaintiff alleges that the elephant has a value of $35,000. (Id. ¶ 11.) The Court notes that while not specified in the complaint, it appears that the elephant is some type of figurine.

delivered, at which time the driver "tried to get [Plaintiff] to sign a release that said he was fully covered with insurance[,]" (Id.); and

Plaintiff asserting that when he returned to the hallway downstairs, "the elephant was missing ... [and] [Defendant] had pulled off[.]" (Id.); and

Plaintiff further alleging that "Defendant has refused and decline to return any items to Plaintiff and continues to do so[,]" (Id. ¶ 10); and

The Court finding that, even construed liberally, Plaintiff's complaint does not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief under 42 U.S.C. § 1983.  Plaintiff fails to adequately allege that that Defendant Ramsey Moving System was acting under color of state law or how Defendant's alleged conduct violated Plaintiff's constitutionally protected rights.  Rather, Plaintiff's pleading simply alleges - in a conclusory fashion - that Plaintiff is entitled to relief based on Defendant's purported conduct; and

The Court noting that the Twombly/Iqbal standard requires Plaintiff to do more than simply allege his entitlement to relief in this conclusory manner and thus dismissal of

8

Plaintiff's complaint without prejudice is warranted at this time under § 1915(e)(2)(B).

Accordingly,

IT IS on this   16th   day of    June   , 2014, hereby

**ORDERED** that Plaintiff's IFP Application [Doc. No. 1-1] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to file Plaintiff's complaint [Doc. No. 1] in this action; and it is further

**ORDERED** that Plaintiff's complaint shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to mark his matter as **CLOSED**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint in this action within **thirty (30)** days of the date of this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief.

At Camden, New Jersey

  s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.