```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____

FRANK ROY,

               Plaintiff,          Civil No. 14-2847 (NLH/KMW)

v.                              **MEMORANDUM OPINION**
                                     **AND ORDER**
RAMSEY MOVING SYSTEM,

               Defendant.

_____

**APPEARANCES:**

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360

    *Pro Se Plaintiff*

**HILLMAN, District Judge**

    This matter having come before the Court by way of Plaintiff's application to proceed <u>in forma pauperis</u> and by way of Plaintiff's complaint submitted on May 6, 2014 alleging a violation of 42 U.S.C. § 1983; and

    The Court, pursuant to 28 U.S.C. § 1915, having previously reviewed the complaint to determine whether any claim is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief; and

1

The Court having found that Plaintiff's complaint, even construed liberally, did not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief under 42 U.S.C. § 1983; and

The Court specifically having found that Plaintiff failed to adequately allege facts to demonstrate that Defendant Ramsey Moving System was acting under color of state law, or how Defendant's alleged conduct violated Plaintiff's constitutionally protected rights (Mem. Op. and Order 8, June 16, 2014 [Doc. No. 2]); and

The Court having dismissed Plaintiff's complaint without prejudice and having granted Plaintiff leave to file an amended complaint which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief (Id. at 9); and

Plaintiff having filed an amended complaint [Doc. No. 3] on July 8, 2014; and

The Court noting that in the amended complaint, Plaintiff removes any reference to 42 U.S.C. § 1983, and instead asserts diversity of citizenship as a basis for jurisdiction pursuant to 28 U.S.C. § 1332; and

The Court also noting that federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, see Adamczewski v. Emerson Elec. Co., No. 10-4862,

2

2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)); and

    The Court also noting that 28 U.S.C. § 1332(a) provides that the Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States; and

    The Court further noting that in the amended complaint, Plaintiff avers that Defendant is a citizen of the Commonwealth of Pennsylvania, with "a" principal place of business in Pennsylvania and "to the best of Plaintiff's knowledge, information and belief" is incorporated under the laws of Pennsylvania; and

3

The Court finding that Plaintiff fails to properly aver the citizenship of Defendant because Plaintiff avers that Defendant has "a" principal place of business in Pennsylvania rather than averring that Defendant has "its" principal place of business in Pennsylvania, see Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008); see also McNair v. Synapse Group Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012); and

The Court further finding that Plaintiff fails to properly aver the citizenship of Defendant because jurisdictional allegations made upon "information and belief" are insufficient to convince the Court that diversity exists between the parties, see Vail v. Doe, 39 F. Supp. 2d 477, 477-78 (D.N.J. 1999); and

The Court also finding that the jurisdictional averments set forth in the amended complaint are insufficient to plead the citizenship of Defendant for the reasons outlined supra, rendering the Court unable to determine at this time whether complete diversity exists between the parties such that the Court may properly exercise jurisdiction over this matter; and

The Court further finding that the amended complaint avers that the claims exceed $75,000 but fails to allege with the requisite factual specificity that the damages in this case could meet the jurisdictional threshold, where Plaintiff alleges

4

only that an elephant purportedly worth $35,000 was damaged,[1] see McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, (1936) (plaintiff "must allege in his pleading the facts essential to show jurisdiction. . . . The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment[.]"); and

The Court also finding that the amended complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a); and

The Court noting in this regard that the original complaint alleged that Defendant "violated the Antidiscrimination Act by not paying their loss," but Plaintiff removed this allegation from the amended complaint.  The amended complaint does not contain any cause of action or identify how Plaintiff's legal rights were violated by Defendant; and

The Court also noting that "a complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009); see also Phillips

---

[1] Plaintiff also avers that two boxes of personal property, which purportedly contained crystal and "personal papers," were missing, but the amended complaint asserts no facts concerning the value of the contents of the boxes.

5

v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); and

The Court noting that pro se complaints are to be construed liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but the Court will not be tasked with trying to ascertain what possible claims or theories of relief could arise from the facts set forth in the amended complaint,[2]

---

[2]   Plaintiff has a number of other cases pending before this Court, and the Court has similarly stated in those cases that it will not attempt to formulate on Plaintiff's behalf a potential cause of action arising from the facts in each respective matter.  The amended complaint in this case lends itself more easily to interpretation of a possible cause of action, as it

6

nor will the Court impose upon Defendant the burden of gleaning a cause of action from the pleading, see Pushkin v. Nussbaum, Civ. No. 2:12-0324, 2014 WL 4543069, at *6 (D.N.J. Sept. 11, 2014) ("the Court 'cannot expect Defendants to defend against claims that are not clearly and specifically alleged.'") (internal quotation omitted); Kassin v. U.S. Postal Serv., Civ. A. No. 111482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) (complaint "recites factual allegations, but fails to identify any legal cause of action" and court would not "manufacture a fitting legal cause of action."); and

    The Court therefore finding that Plaintiff fails to meet the pleading requirements of Rule 8; and

    The Court further finding in light of Plaintiff's pro se status that Plaintiff should be provided one more opportunity to state his claim. Plaintiff must comply with Federal Rule of Civil Procedure 8(a) and set forth a "short and plain statement of the claim." Additionally, Plaintiff must provide sufficient factual allegations in support of his assertion of jurisdiction, as well as support for his claim or claims to satisfy the

---

appears that Plaintiff may be asserting a simple claim for breach of contract. However, the Court will not at this time assume that is the nature of Plaintiff's claim, particularly in light of Plaintiff's attempt in the original complaint to assert a discrimination claim, rather than a contract claim, against Defendant.

pleading requirements under Twombly and Iqbal.  Failure to comply with the directives herein may result in the dismissal of Plaintiff's claims with prejudice.

    THEREFORE, it is on this   21st   day of   November  , 2014,

    **ORDERED** that the amended complaint filed on July 8, 2014 shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**; and it is further

    **ORDERED** that plaintiff is granted leave to file a second amended complaint in this action **within thirty (30) days** of the date of this Memorandum Opinion and Order which sets forth his claims for relief and sufficient facts in support thereof.  Any such amended complaint must affirmatively state facts with the requisite certainty to establish that the claim or claims in this case exceed $75,000.

At Camden, New Jersey
        s/ Noel L. Hillman
        NOEL L. HILLMAN, U.S.D.J.